a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DERECK D. TAYLOR, Plaintiff | CIVIL DOCKET NO. 1:20-CV-0214-P |
| VERSUS | JUDGE DRELL |
| CHRIS HAZEL, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Dereck D. Taylor ("Taylor") (#594882). ECF Nos. 1, 5. Taylor is a pretrial detainee at the Rapides Parish Detention Center in Alexandria, Louisiana. He names as Defendants Judge Chris Hazel and Assistant District Attorney B. Weeks. Taylor complains that he has not been allowed to proceed *pro se* in his ongoing criminal proceedings. He seeks monetary damages for the alleged constitutional violation. ECF No. 5 at 6.

Because Defendants are immune from suit and Taylor does not show the violation of a constitutional right, Taylor's Complaint (ECF Nos. 1, 5) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Taylor alleges that he recently appeared before Judge Chris Hazel for a preliminary examination at which Taylor attempted to represent himself. ECF No. 1 at 1; No. 5 at 3. Taylor alleges that Judge Hazel wants to require him to have an

attorney for his criminal proceedings. *See id.* According to Taylor, the judge has scheduled a competency hearing later this month. *See id.* at 5.

## II. Law and Analysis

### A. Taylor's Complaint (ECF Nos. 1, 5) is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

Taylor is an inmate who has been allowed to proceed *in forma pauperis*. ECF No. 10. As a prisoner seeking redress from an officer or employee of a governmental entity, Taylor's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Because he is proceeding *in forma pauperis*, Taylor's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

B. <u>Taylor cannot show the violation of a constitutional right.</u>

First, Taylor alleges that he is entitled to represent himself. The Sixth and Fourteenth Amendments grant "the accused personally the right to make his own defense." *Faretta v. California*, 422 U.S. 806, 819 (1975). In order to undertake self-representation, a defendant must first clearly and unequivocally assert his right to self-representation. *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir. 1982); *see Faretta*, 422 U.S. at 835. The defendant must also knowingly and intelligently waive his right to counsel. *See Faretta*, 422 U.S. at 835. In order to knowingly and intelligently waive the right to counsel, courts must make the defendant "aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes wide open.'" *Id.* at 835 (quoting *Adams v. United States ex rel. McMann*, 317 U.S. 269, 279 (1942)).

According to Taylor, a competency hearing is scheduled for later this month. ECF No. 5 at 5. Therefore, it appears the state court is in the process of determining whether Taylor can knowingly and intelligently waive the right to counsel. Therefore, Taylor cannot establish that his constitutional rights have been violated.

C. <u>Defendants are immune from suit.</u>

The Defendants named in this suit are Judge Hazel and Assistant District Attorney Weeks. "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the

3

commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Taylor's complaints about Judge Hazel arise exclusively from the execution of a judicial function.

Likewise Taylor fails to state a claim against Defendant Weeks. Prosecutorial officials are immune from damages actions brought for conduct performed in the role of a prosecutor. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43 (2009); *Imbler v. Pachtman*, 424 U.S. 409 (1976).

### III. Conclusion

Because Taylor fails to state a viable claim against Defendants, IT IS RECOMMENDED that Taylor's § 1983 Complaint (ECF Nos. 1, 5) be DENIED and DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation

4

within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

    THUS DONE AND SIGNED in Alexandria, Louisiana, on this 1st day of April 2020.

                                                                                                JOSEPH H.L. PEREZ-MONTES
                                                                              UNITED STATES MAGISTRATE JUDGE